```
 1                  UNITED STATES DISTRICT COURT

 2                 SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  UNITED STATES OF AMERICA,    )   Case No. 08MJ2080-WMC
                                 )
 5           Plaintiff,          )   San Diego, California
                                 )
 6  vs.                          )   Wednesday,
                                 )   July 9, 2008
 7  ANTHONY REYNOLDS,            )   2:00 p.m.
                                 )
 8           Defendant.          )
    _____)
 9

10                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE WILLIAM McCURINE, JR.
11                UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:           ROBERT CIAFFA, ESQ.
                                 Assistant United States
14                                Attorney
                                 880 Front Street
15                               San Diego, California 92101

16  For the Defendant:           FEDERAL DEFENDERS OF SAN DIEGO
                                 BY: MICHELLE BETANCOURT, ESQ.
17                               225 Broadway, Suite 900
                                 San Diego, California 92101
18                               (619) 234-8467

19  Transcript Ordered By:       ANNE PERRY, ESQ.

20  Transcriber:                 Sherri Lattuca
                                 Echo Reporting, Inc.
21                               6336 Greenwich Drive, Suite B
                                 San Diego, California 92122
22                               (858) 453-7590

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

```
                                                                    1
 1     SAN DIEGO, CALIFORNIA  WEDNESDAY, JULY 9, 2008 2:00 P.M.
 2                              --oOo--
 3       (Call to order of the Court.)
 4           THE CLERK:  Calling matter number 15 on the log,
 5   08MJ2080, United States of America versus Anthony Reynolds.
 6           MR. CIAFFA:  Good afternoon, your Honor.
 7   Assistant U.S. Attorney Robert Ciaffa, appearing on behalf
 8   of the Government of Canada.
 9           MS. BETANCOURT:  Michelle Betancourt, Federal
10   Defenders, on behalf of this person charged as Anthony
11   Reynolds.
12           THE COURT:  Okay.  Mr. Reynolds, Anthony Reynolds?
13           THE DEFENDANT:  Yes.
14           THE COURT:  You have been charged with an
15   extradition proceeding from Canada for various violations of
16   their statute, including attempted murder while using a
17   firearm, aggravated assault, discharge of a firearm that
18   would endanger life, assault with a weapon, pointing a
19   firearm.
20           These charges are serious charges.  I don't know
21   what the penalties are, but the proceeding is for -- the
22   procedure is for me to appoint counsel for you at this time,
23   and Ms. Betancourt, is there any reason why Federal
24   Defenders could not take on this matter?
25           MS. BETANCOURT:  I don't believe so, your Honor.
```

2

1     MR. CIAFFA:  Your Honor, the Government would ask
2 that the Defendant demonstrate his eligibility for court-
3 appointed counsel.
4     THE COURT:  Okay.  I will have you do that at some
5 appropriate time.
6     MS. BETANCOURT:  Thank you, your Honor.
7     THE COURT:  I'm going to provisionally appoint
8 Ms. Betancourt -- well, Federal Defenders, and of course
9 your office will determine who represents him.
10    You also -- you don't really have a right to bail
11 in an extradition proceeding.  I'm not going to entertain
12 bail today.  Just remember that the bail format does not
13 apply to these extradition proceedings.  But if you -- after
14 you have a chance to meet with Mr. Reynolds, if you want to
15 have a bail hearing, please make sure that you read the
16 extradition statutes carefully about what -- about the bases
17 for a bail.  I'm not going to set a date now for that.  I'll
18 ask you to contact Ms. Bressy (phonetic) if you want to put
19 that on the calendar and obviously give Mr. Ciaffa plenty of
20 notice for that.
21    Do you already have all the great documentation
22 from Canada?  Normally you don't, but I just wondered if you
23 have it now.
24    MR. CIAFFA:  No, your Honor.  This is a request
25 for provisional arrest which was executed, that the

*Echo Reporting, Inc.*

3

1 Defendant is being held.  Canada has 60 days from today's
2 date in order to present a formal request at which time we
3 will file with this Court the request for extradition which
4 will include all the documents required under the treaty.
5 If we get the documentation beforehand, I'll be sure to file
6 it with both the Court and counsel.
7          THE COURT:  I'm going to provisionally set a date.
8 I'm going to provisionally set it for September 11.  We'll
9 have a status -- is anybody -- are you going to be at your
10 condo in Maui on that date, by any chance, either one of
11 you?
12          MS. BETANCOURT:  In my head, your Honor.  I could
13 do that from here.  September 11th works.
14          THE COURT:  Unless you feel September 11 has some
15 ominous meaning which I don't think it does here, but
16 otherwise we'll set it for September 11th at 9:30.
17          MS. BETANCOURT:  And your Honor, this will be for
18 status re extradition packet?
19          THE COURT:  Right, and I'm assuming, because of
20 the relationship with Canada, that you'll have all that
21 paperwork by then, but -- you know, that's a pretty strict
22 time limit, so --
23          MR. CIAFFA:  Yes, your Honor.
24          THE COURT:  -- you'll know.  Okay, is there
25 anything else you want to take care of at this time?

4

1 　　　　MR. CIAFFA:  Well, your Honor, I believe that the
2 Defendant should be advised that if he wishes, he can either
3 waive or consent to extradition which would obviate the need
4 for a hearing, if he wishes to.  Just so that he's advised
5 of that right of his under the treaty.
6 　　　　THE COURT:  All right, then let me repeat what he
7 just said.  You do have the right to decide that you don't
8 want to go through an extradition hearing in which the
9 Government has to put on certain kinds of evidence.  It's
10 not a lot of evidence and it's fairly minimal, that you are
11 the person and that a crime was committed and that Canada
12 has jurisdiction.  That whole proceeding can take months and
13 so -- and you have able counsel with Ms. Betancourt or
14 whoever represents you from Federal Defenders.  You may
15 decide that you want to waive the right to an extradition
16 hearing, consent to being returned to Canada and face trial
17 in Canada.  I'm not asking you to make a decision now, I'm
18 just informing you of that right.
19 　　　　If that's what you want to do, you would let
20 Ms. Betancourt know, or whoever is your attorney from
21 Federal Defenders, and they would be in touch with me and
22 we'll put the matter on for a waiver by you.  Okay?
23 　　　　MS. BETANCOURT:  Your Honor, I anticipate that if
24 this person charged as Mr. Reynolds does not waive his right
25 to an extradition hearing, that there will be maybe motions

5

1 filed and an actual hearing.  Does the Court want to set
2 those hearing dates now or wait until the September 11th
3 date and set them then?
4          THE COURT:  I'd rather wait for the September 11th
5 date.  If you think that you want to put something on -- the
6 reason I don't want to set a date right now is I don't want
7 to motivate you to file a motion if you don't need to.
8          MR. CIAFFA:  And in addition, your Honor, we
9 believe that counsel will be better equipped to file a
10 motion once she has the documentation.  Because at this
11 point, the documentation is not yet on file so it's kind of
12 hard to litigate something when we don't know what we're
13 litigating about.
14          MS. BETANCOURT:  I only asked as I've had other
15 magistrates actually set the briefing schedule the first
16 date, your Honor.  I didn't know if your schedule is that
17 impacted.
18          THE COURT:  No, it's not, it's not that impacted.
19 So I'll wait to September 11th.  Anything else, Mr. Ciaffa
20 or Ms. Betancourt?
21          MR. CIAFFA:  No, sir.
22          MS. BETANCOURT:  No, sir.  Your Honor, if I could
23 just get a copy of the provisional arrest warrant.
24          THE COURT:  Yes.
25          MS. BETANCOURT:  Thank you very much, your Honor.

```
                                                                    6
 1          THE COURT:  Okay, that's all, sir.
 2          MR. CIAFFA:  Thank you, your Honor.
 3      (Proceeding concluded.)
 4
 5
 6
 7          I certify that the foregoing is a correct
 8  transcript to the best of my ability from the electronic
 9  sound recording of the proceedings in the above-entitled
10  matter.
11
12  s/Sherri Lattuca                  11/3/08
    Transcriber                       Date
13
    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
14
15  s/L.L. Francisco
    L.L. Francisco, President
16  Echo Reporting, Inc.
17
18
19
20
21
22
23
24
25
```